```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
DANIEL MILLER,
                                          MEMORANDUM & ORDER
                 Petitioner,              06-CV-6485 (JS)

     -against-

EDWARD REILY, Sheriff of Nassau
County and J. SAVAGE, Superintendent,
Gowanda Correctional Facility,

                 Respondants.
----------------------------------X
```

Appearances:
For Plaintiff:            Daniel Miller, pro se
                          # 06002316
                          Nassau County Correctional Facility
                          100 Carman Avenue
                          East Meadow, NY 11554

                          #06A5353
                          Gowanda Correctional Facility
                          P.O. Box 350, South Road
                          Gowanda, NY 14070-0350

For Defendants:
Reilly                    Sondra M. Mendelson, Esq.
                          Nassau County Attorneys Office
                          1 West Street
                          Mineola, NY 11501

Savage                    Ralph Pernick, Esq.
                          New York State Attorney General
                          200 Old County Road, Suite 460
                          Mineola, NY 11545-1403

SEYBERT, District Judge:

On December 4, 2006, Daniel Miller ("Miller" or the "Petitioner") filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the location of his confinement. Due to medical reasons, the Petitioner seeks (1) an immediate transfer to a flat facility that is located within three

to four hours of New York City and (2) an injunction preventing Respondent Edward Reilly ("Reilly")[1] from returning Petitioner to the custody of Respondent J. Savage ("Savage").

On January 3, 2007, this Court ordered the Respondents to show cause why a writ of habeas corpus should not be issued. Reilly responded to this Court's Order on January 11, 2007, arguing that (1) Miller chose the incorrect forum in which to bring his request and (2) Miller's request to enjoin Reilly from returning Miller to Gowanda Correction Facility ("Gowanda") is moot because Miller is no longer in Reilly's custody.  More specifically, Reilly contends that this action is more properly brought under 42 U.S.C. § 1983 ("Section 1983") because Petitioner "complains only about the type of facility in which he is to be housed," and a habeas corpus petition pursuant to 28 U.S.C. § 2254 ("Section 2254") is proper only when a petitioner challenges the constitutionality of a conviction.  (Letter from Reilly to Court (Jan. 11, 2007).)  In addition, Reilly points out that an action brought pursuant to Section 1983 would be equally unsuccessful because it appears that Petitioner has failed to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act of 1995.

On January 25, 2007, Savage responded to this Court's Order arguing that Petitioner "does not seek relief cognizable

---

[1] The Court will use the proper spelling of Respondent Edward Reilly's name rather than the spelling set forth in the caption.

under habeas corpus." (Letter from Savage to Court (Jan. 25, 2007).) In essence, Savage's arguments are similar to those made by Reilly.

Although the usual vehicle for a state prisoner to seek habeas relief is Section 2254, Section 2241 is the proper procedural vehicle when a prisoner challenges the execution of his sentence rather than the legality of the sentence. See Levine v. Apker, 455 F.3d 71, 78 (2d Cir. 2006) (finding that the petition was properly brought under Section 2241 where petitioner challenged the place of his imprisonment); Carmona v. Unites States Bureau of Prisoners, 243 F.3d 629, 632 (2d Cir. 2001). The "execution" referred to includes matters such as the administration of parole, computation of the sentence, prison transfers, and conditions of detention. See Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001); Chambers v. United States, 106 F.3d 472, 474-75 (2d Cir. 1997). Here, Petitioner attacks the execution of the sentence, namely the place of his confinement. As such, a petition pursuant to Section 2241 is proper. See Hernandez v. United States, 2005 U.S. Dist. LEXIS 6587, at *2-3 (S.D.N.Y. 2005).

Additionally, habeas relief and relief offered pursuant to Section 1983 are not mutually exclusive. That is, simply because a prisoner may properly bring an action pursuant to Section 1983 to challenge the conditions of confinement, does not necessarily "preclude the possibility of relief through habeas

corpus." Pimental v. Gonzales, 367 F. Supp. 2d 365, 371 (E.D.N.Y. 2005); see also Preiser v. Rodriquez, 411 U.S. 475, 499-500, 93 S. Ct. 1837, 36 L. Ed. 2d 439 (1973) (explaining that although a § 1983 action may be the proper remedy when an inmate challenges prison conditions, "[t]his is not to say that habeas relief may not also be available to challenge such prison conditions."). Although Petitioner may have brought this action pursuant to Section 1983, he is not required to do so. Accordingly, the Court declines to convert Miller's petition to a complaint under Section 1983.

Having determined that Miller may bring this petition pursuant to Section 2241, the Court now turns to the jurisdictional limits of Section 2241. Under Section 2241, federal district courts are granted limited jurisdiction to issue writs only "within their respective jurisdictions." 28 U.S.C. § 2241. The phrase "within their respective jurisdictions" is limited to the territorial reach of the district court and does not include or encompass the court's long arm jurisdiction. Rumsfeld v. Padilla, 542 U.S. 426, 447, 124 S. Ct. 2711, 159 L. Ed. 2d 513 (2004). "The plain language of the habeas statute thus confirms the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Id. at 443. The Supreme Court has "interpreted this language to require 'nothing more than that the court issuing the writ have jurisdiction over the custodian.' " Id. (quoting

4

Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495, 93 S. Ct. 1123, 35 L. Ed.2d 443 (1973)). Once the district court has acquired jurisdiction, however, the government may not thwart habeas relief by removing the petitioner from the jurisdiction of the district court. See id. at 441 n.14 (quoting Ex Parte Endo, 323 U.S. 283, 307, 89 L. Ed. 243, 65 S. Ct. 208 (1944).

Applying the jurisdictional limitations of Section 2241 to this case, the Court can only acquire jurisdiction over Miller's habeas petition if the warden of the prison in which he is imprisoned is located within the Eastern District of New York. Currently, Miller is confined to Gowanda, which is located in the Northern District of New York. At the time this petition was filed, however, Miller was incarcerated at the Nassau County Correction Center, which is located in the Eastern District of New York.

Miller's situation is somewhat analogous to the petitioner in Ex Parte Endo. 323 U.S. 283, 89 L. Ed. 243, 65 S. Ct. 208 (1944). The petitioner in Endo filed a petition in the Northern District of California, the jurisdiction in which she was incarcerated at the time the petition was filed, and was subsequently transferred to a facility in Utah. Id. at 285. The Supreme Court held that the Northern District properly acquired jurisdiction over the case and "the removal of Mitsuye Endo did not

5

cause it to lose jurisdiction where a person in whose custody she is remains within the district." Id. at 306. Thus, as the Supreme Court recently reiterated, "Endo stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority" over the prisoner. Padilla, 542 U.S. at 441. Accordingly, at the time Miller filed his petition, he was in the custody of the Nassau County Correction Center, and, therefore, this Court properly acquired jurisdiction over the case.

In light of the foregoing, it is ORDERED that the Respondents SHOW CAUSE within 30 days of the date of this ORDER why a writ of habeas corpus should not be issued.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: Central Islip, New York
February 5, 2007